IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** *Plaintiff,* | § § § § § § § § § | |
| **v.** | | **6:21-CR-37(2)-ADA** |
| **COURTNEY MICHELLE BOOTH** *Defendant.* | | |

ORDER ADOPTING MAGISTRATE
JUDGE'S REPORT AND RECOMMENDATION

Before the Court is the Report and Recommendation of United States Magistrate Judge Jeffrey C. Manske. ECF No. 97. The Report recommended that Defendant Courtney Booth's Motion to Suppress (ECF No. 63) be denied. Before Judge Manske was Ms. Booth's Motion to Suppress and Brief in Support, as well as the government's Response. ECF Nos. 63, 67, and 69. The Report was filed on February 15, 2022. Defendant Booth filed an objection to the Report on February 25, 2022. ECF No. 100.

A party may file specific, written objections to the proposed findings and recommendations of the magistrate judge within fourteen days after being served with a copy of the Report and Recommendation, thereby securing *de novo* review by the district court. 28 U.S.C. § 636(b). In this case, Defendant timely filed an objection.

**DISCUSSION**

Defendant's Motion to Suppress seeks to exclude evidence obtained from a traffic stop on November 11, 2020, where she was a passenger in a car that was pulled over for exceeding the speed limit. ECF No. 63 at 1. The stop resulted in the arrest of both occupants of the vehicle and the seizure of Methamphetamine from the floor of the front passenger seat area. ECF No. 67 at 3.

1

Ms. Booth complains that the traffic stop exceeded its permissible scope and duration. *Id.* at 3. Judge Manske held a hearing on the issue, and thereafter filed his Report and Recommendation to deny the Motion. Because the Defendant timely objected, the Court has undertaken a de novo review of the Report and Recommendation. After thorough review of the Report, Ms. Booth's objection, and the applicable law, the Court finds that Defendant's Motion to Suppress should be denied. It is undisputed that the traffic stop of the Defendant was justified at its inception. ECF No. 97 at 6. Rather, the focus of Defendant's objection is that there was no reasonable suspicion that justified a prolonged detention. *See* ECF No. 100.

As Judge Manske explained in his Report, a recognized exception to *Terry* is when additional reasonable suspicion arises in the course of the stop and before the initial purpose of the stop has been fulfilled. *United States v. Lopez-Moreno*, 420 F.3d 420, 431 (2005). Reasonable suspicion exists when an officer has a particularized and objective basis for suspecting legal wrongdoing. *United States v. Arvizu*, 534 U.S. 266 (2002). Detentions must be temporary and last no longer than is necessary to effectuate the purpose of the stop, which includes dispelling reasonable suspicion which developed during the stop. *Brigham*, 382 F.3d 500, 507 (1973). In evaluating whether reasonable suspicion emerged during the stop, reviewing courts look at the totality of the circumstances of each case. *Arvizu*, 534 U.S. at 266. The correct analysis requires the court to give due regard to the experience and training of the officer. *Brigham* 382 F.3d at 507.

The Court finds this stop was constitutional. There was reasonable suspicion that justified the prolonged detention. The arresting officer, Texas Department of Public Safety State Trooper John Loftin, developed reasonable suspicion during the course of the stop. The driver of the vehicle, Cory Barton, struggled to respond to basic questions about the itinerary of his trip to and from Houston. ECF No. 97 at 2–3. These include a failure to recall the name of his hotel, where

his destination was in relation to Houston, and what type of car he had just worked on. *Id.* Mr. Barton also stuttered when giving at least one of those responses. *Id.* at 6. During Trooper Loftin's questioning of Ms. Booth, Mr. Barton interrupted to show Trooper Loftin a receipt to establish that he "wasn't lying." *Id.* Going out of your way to interrupt someone to show proof of a trip is unusual behavior. The struggle to recall basic questions, his stuttering, and his interruption of Ms. Booth to provide proof of his trip all created reasonable suspicion to Trooper Loftin.

Defendant Booth's responses to Trooper Loftin's questions similarly gave rise to reasonable suspicion. The story she gave to Trooper Loftin was inconsistent with the one he received from Mr. Barton. *Id.* While Mr. Barton told Trooper Loftin that he was travelling to work on a car, Defendant Booth told Trooper Loftin that they went to pick up a car. *Id.* When Ms. Booth had emerged from the vehicle, her pants and belt were undone, which caused Trooper Loftin to suspect that she had been hiding contraband in her pants. *Id.* Most telling is that Ms. Booth indicated there was a marijuana pipe in the car. *Id.* Her inconsistent stories, unbuttoned pants, and indication there was drug paraphernalia in the car all give rise to reasonable suspicion that criminal activity was afoot.

The reasonable suspicion justified the duration of the traffic stop. Trooper Loftin pursued his line of questioning because of the unusual and suspicious answers that Mr. Barton and Ms. Booth gave to him. His questioning was directed to confirming or dispelling the reasonable suspicion that emerged during the stop. Such questioning is justified to effectuate the purpose of the stop. *Brigham*, 382 F.3d 500, 507 (1973).

The government met its burden to show that the initial traffic stop was extended on reasonable suspicion of criminal activity. The Court finds that the traffic stop did not violate the Fourth Amendment. The Court agrees with Judge Manske that the Motion to Suppress should be

denied. The Court will therefore accept and adopt the Report and Recommendation for the reasons stated therein.

**IT IS THEREFORE ORDERED** that Defendant's objection to the Report and Recommendation is **OVERRULED**.

**IT IS FURTHER ORDERED** that the Report and Recommendation of United States Magistrate Judge Manske, ECF No. 97, is **ACCEPTED AND ADOPTED**. The Defendant's Motion to Suppress (ECF No. 63) is **DENIED**.

SIGNED this 11th day of April, 2022.

_____
ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE